UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Case No. 3:92-cr-0039 (VAB) |
| | : | |
| KEVIN BLACKMON, | : | |
|    Defendant. | : | |

## RULING ON DEFENDANT'S MOTION FOR RELIEF

On August 31, 1993, this Court sentenced defendant, Kevin Blackmon, to a term of 292 months' imprisonment and 5 years' supervised release following his conviction by jury verdict of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1).  Mr. Blackmon now seeks to reduce that sentence and has filed a Motion for Relief Pursuant to Title 18 U.S.C. § 3582(c)(2) [Doc. No. 234].  For the following reasons, this motion is denied.

Under 18 U.S.C. § 3582(c)(2), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move for a reduction in his sentence.  Upon such motion, a district court must follow a "two-step approach."  *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

> At step one, the court 'must consider whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced.'  []  At step two . . . , § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.  []

*United States v. Bethea*, 735 F.3d 86, 87 (2d Cir. 2013) (alterations in original) (citations omitted).  Here, since the application of this approach does not change the guideline range of Mr. Blackmon's sentence, no reduction in his sentence is warranted.

1

Mr. Blackmon contends that he is eligible for a reduction under § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. Amendment 782, effective November 1, 2014, reduced by two levels the offense levels assigned to the quantities of controlled substances that trigger the statutory mandatory minimum penalties in U.S.S.G. § 2D1.1 and made parallel changes to § 2D1.11. At the time of Mr. Blackmon's sentencing, his total offense level was computed to be 35, factoring in a base offense level at the time of 34 for a quantity of cocaine between 15 and 50 kilograms, a 3 level increase for his role, and a 2 level decrease for his acceptance of responsibility. Under the amended Sentencing Guidelines, the base offense level applicable to the amount of cocaine involved in Mr. Blackmon's case is 32, resulting in a total offense level of 33 after factoring in the same adjustments.

However, Mr. Blackmon does not qualify for a sentence reduction because his guideline range has not been lowered by Amendment 782. At the time of the original sentencing, the Court determined that Mr. Blackmon was a career offender under U.S.S.G. § 4B1.1, which provided for an offense level of 37 in this case. Section 4B1.1 further provided that, if the offense level applicable thereunder was greater than the offense level otherwise applicable, the career offender offense level would apply. With a 2 level reduction for acceptance of responsibility, the total offense level under § 4B1.1 was 35. Because it was identical to, and therefore not greater than, the offense level calculated under § 2D1.1, the Court used the § 2D1.1 calculations.

Amendment 782 does not change the career offender guidelines; therefore, the total offense level computed under § 4B1.1 would have determined the applicable Guidelines range[1] had the amended Guidelines been in place at the time the defendant originally was sentenced.

---

[1] *See* U.S.S.G. § 1B1.10, cmt. n.1 (defining "the applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined . . . before consideration of any departure provision in the Guidelines Manual or any variance"

Because "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) . . . if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision," U.S.S.G. § 1B1.10, cmt. n.1, Mr. Blackmon is not eligible for a sentence reduction under Amendment 782.

Accordingly, Mr. Blackmon's Motion [Doc. No. 234] for reduction in sentence is DENIED.

IT IS SO ORDERED.

 /s/ Victor Allen Bolden
Victor A. Bolden, U.S.D.J.

Dated at Bridgeport, Connecticut, this 20th day of May, 2015.